18670—Hilda Albright et al v. Clarence A. Irwin et al. Motion to direct Lucas Appeals to certify record. Overruled.

Docketed June 21, 1924. 2 Abs. 518.

18672—Clarence A. Irwin v. Toledo, Fostoria & Findlay Ry. Co. Motion to direct Lucas Appeals to certify record. Overruled.

Docketed June 23, 1924. 2 Abs. 436; OA. 2 Abs. 518.

18674—Sarah Ann Dellenbaugh v. James J. Cuddebach. Motion to direct Columbiana Appeals to certify record. Overruled.

Docketed June 23, 1924. 2 Abs. 436.

18682—Western Union Telegraph Co. v. Arthur A. Nixon. Motion to direct Butler Appeals to certify record. Overruled.

Docketed June 30, 1924. 2 Abs. 436; OA. 2 Abs. 713; OS. Pend. 2 Abs. 707.

18717—James C. Davis, Director General, etc., v. Catherine Lind, Admrx. Motion to direct Hamilton Appeals to certify record. Overruled.

Docketed July 18, 1924. 2 Abs. 468.

18719—B. P. Conklin v. State of Ohio. Motion to direct Darke Appeals to certify record. Overruled.

Docketed July 23, 1924. 2 Abs. 483; OS. Pend. 2 Abs. 549.

18725—Victor J. Schmitt v. J. E. Weiler et al. Motion to direct Cuyahoga Appeals to certify record. Overruled.

Docketed July 23, 1924. 2 Abs. 483; OA. 2 Abs. 681; 713.

18730—Dave Jeremy v. Lincoln Tanke. Motion to direct Ottawa Appeals to certify record. Overruled.

Docketed July 24. 2 Abs. 483; OS. Pend. 2 Abs. 532.

18737—John Abel v. State of Ohio. Motion for leave to file petition in error to Hamilton Appeals. Overruled.

Docketed July 31, 1924. 2 Abs. 483.

18739—Charles B. Stannard v. State ex rel Edward C. Stanton et al. Motion to direct Cuyahoga Appeals to certify record. Overruled.

Docketed July 31, 1924. 2 Abs. 484.

18742—A. D. Darby, Executor, etc., v. Osbert D. Tiffany et al. Motion to direct Lucas Appeals to certify record. Overruled.

Docketed Aug. 4, 1924. 2 Abs. 484; OS. Pend. 2 Abs. 631.

18742—A. D. Darby, Executor, v. Osbert D. Tiffany. Motion by defendant to dismiss petition in error as of right. Sustained.

Docketed Aug. 4, 1924. 2 Abs. 484; OS. Pend. 2 Abs. 63.

18743—Ida M. Helmreich v. Osbert D. Tiffany et al. Motion to direct Lucas Appeals to certify record. Overruled.

Docketed Aug. 4, 1924. 2 Abs. 484.

18748—O. Armleder Co. v. Charles Biederman. Motion to direct Hamilton Appeals to certify record. Overruled.

Docketed Aug. 8, 1924. 2 Abs. 498; OS. Pend. 2 Abs. 533.

18782—Lena Center v. Edward Kramer, Admr. Motion to direct Butler Appeals to Certify record. Sustained.

Decketed Sept. 17, 1924. 2 Abs. 578.

## SYLLABI OF CASES DECIDED LAST WEEK

No. 18767—The State ex rel K. K. Allen v. Joseph A. Lutz, as Auditor of Montgomery County, Ohio. Error to the Court of Appeals of Montgomery County.

Dock. Aug. 23, 1924, 2 Abs. 531; OA. op., 2 Abs. 524.

297. CONTRACTS—Employment of professional sanitary engineer on a percentage basis, and for an indefinite time, held contrary to 6602-14 GC. and invalid—Mandamus refused. DAY, J.

A contract for professional services in connection with sewer construction, entered into between county commissioners and a sanitary engineer, pursuant to Section 6602-1, General Code, authorizing the employment "for such time or times and on such terms as they deem best," such contract not providing for any definite period of time, but being purely upon percentage, based upon the preparation of plans and specifications- and the supervision of the construction for an indefinite period, does not authorize the payment of a sum greater than the compensation received by the auditor of such country for any one year, as provided in Section 6602-14, General Code, even though such contract was entered into and partially performed before the passage of such law. A writ of mandamus praying for the allowance of a greater sum is properly refused.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Allen and Conn, JJ., concur.

---

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

No. 749

STEWART v. KATULICH et al

No. 18535. Supreme Court

For Court of Appeals opinion, see 2 Abs. 457.

Pending before the Supreme Court upon a motion to certify the record of Trumbull Appeals. Docketed April 24, 1924. 2 Abs. 307; motion to certify overruled. 2 Abs. 438.

297. CONTRACTS—Can vendor of land forfeit interest of vendee for his failure to pay?

In 1919 Stewart sold, upon a land contract, to John and Andy Shaffer, brothers, a parcel of real estate known in these proceedings as the Montgomery farm. The purchase price was $13,000, upon which John Shaffer and Andy Shaffer together paid $5,000 by conveying to Stewart a certain parcel of real estate owned by them jointly and situated in Farrell, Po. The balance of the purchase price of the Montgomery farm, $8,000, was to be paid in equal annual installments. The Shaffers took pos-

## OHIO SUPREME COURT—Continued

session and paid one year's interest. In 1920, Andy and John Shaffer quarrelled and Andy left the farm. On Oct. 1, 1920, there was due Stewart as principal and interest under the land contract $980. John Shaffer was unable to pay the amount, and on Jan. 1, 1921, Stewart repossessed himself of the farm.

In September, 1921, Stewart sold the Montgomery farm to Hawthorne for $14,300. In November, 1921, Katulich enjoined Hawthorne from making any payments to Stewart, claiming the money to be the money of John Shaffer. Andy Shaffer filed an answer and cross-petition to recover from Stewart $2,500, this being the amount which he had paid Stewart toward the purchase price. Various other judgment creditors of John Shaffer also filed answers and cross-petitions against Stewart.

The Court of Common Pleas found in favor of Stewart and John Shaffer, whereupon Katulich and others appealed. In affirming the judgment, except as to Andy Shaffer, for whom it rendered judgment against Stewart for $2,500, the Appeals held that the plaintiffs, Steve Katulich and the other judgment creditors, are not entitled to the relief prayed for by them as against the defendant, Stewart; and that there was no forfeiture of the interest of Andy Shaffer in and to the Montgomery farm; that the refusal of Andy Shaffer to perform his contract with Stewart for the purchase of the Montgomery farm and his conduct in connection therewith gave rise to an offer to Stewart to rescind the entire contract and Stewart's actions on January 1, 1921, so far as Andy Shaffer was concerned were an acceptance of such offer of rescission, and it was therefore the duty of Stewart to restore Andy to his first position.

Katulich filed a motion to certify. The sole question presented for the consideration of the Supreme Court is:

Has a vendor who has at all times insisted upon strict performance by the vendee of the terms and conditions of his land contract the right to forfeit the interests of the vendee for his wilful failure to pay when due or within a reasonable time thereafter, upon demand by the vendor of the installments specified in the contract?

Attorneys—Fillius & F. Warren, for Stewart; M. B. Leslie, Hubbard & J. J. Boyle, Youngstown, for Katulich et al.